No. 6767.

STATE EX REL. J. B. MARTIN ET AL. VS. THE N. O. & CARROLLTON R. R. Co.

A legal by-law of a corporation which provides that no shares of its stock shall be
transferred on its books, until the certificate thereof has been surrendered to
its president, or shown to be lost, is binding on all its stockholders, and their
heirs. Before the heirs of a deceased stockholder can compel the corporation to
transfer shares, or pay accrued dividends to them, they must comply with the
requirements of the by-laws.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*,
J.

*Louque & Fernandez* for relators and appellants.
*Sam. P. Blanc* and *L. E. Simonds* for defendants and appellees.
The opinion of the court was delivered by
SPENCER, J. Relators allege themselves to be the pure and simple

heirs of Dr. E. Martin, duly recognized as such by the Second District Court of Orleans, which ordered them, as such, to be put in possession of all the effects of said deceased. They further allege that E. Martin was at his death the owner of six shares of the capital stock of the New Orleans and Carrollton Railroad Company, and that there were accrued and unpaid dividends due upon said stock to the amount of $460. They allege that they have demanded of said company the payment of said dividends, and the transfer of said shares on the books of the company from the name of E. Martin to that of relators; that said company, in violation of its charter and relators' rights, refuses to pay said dividends, transfer said stock, or issue them certificate therefor. Wherefore they pray for a mandamus to compel compliance with their demands.

Respondent excepted to relators' right to proceed by mandamus, and filed a sworn answer, setting forth the facts that there did stand on the books six shares of stock in the name of E. Martin, with $462 accrued dividends thereon, but averring that said E. Martin had pledged his certificate therefor to one Victor Ronmage, of which pledge the respondents had been notified. That by the thirteenth section of respondent's by-laws it is expressly provided that "no transfer of stock can be made, except on the books of the company, by the surrender of the certificate thereof to the president, who shall see that the same be canceled by writing 'canceled' prominently across the face thereof and the erasure of the president's signature therefrom before issuing a new one," etc. If this by-law is not in conflict with the charter or otherwise illegal, it is binding on all the stockholders *and their heirs*. In other words, it is *for them the law*. There is no pretense that the by-law is contrary to the charter or otherwise illegal. There is no pretense that the certificate issued to E. Martin is lost ; so that it would fall under the provision made for such case. What attitude then do plaintiffs occupy? They claim as heirs of E. Martin, a stockholder, and seek by mandamus not only to recover a sum of money, but to compel the officers of the company to violate the law prescribing their duties. The law which governs them says *no transfer of stock shall be made, no new certificate shall be issued* (except in case of loss) until the original certificate is surrendered and canceled. The Code of Practice, article 835, says a writ of mandamus may be directed to corporations "to compel them * * * to perform the * *. * duties required by their charters." It would be a strange abuse of the writ to use it to compel them "to violate the duties required by their charters." It is manifest relators have mistaken their remedy.

The judgment below rejected their application, and it is affirmed, with costs of both courts to be paid by relators.